15-3335-ag
*Marvel Entm't, LLC v. Comm'r*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2016

(Argued:  August 31, 2016          Decided:  September 7, 2016)

Docket No. 15-3335-ag

MARVEL ENTERTAINMENT, LLC, as Successor to Marvel Entertainment, Inc.,
F.K.A. Marvel Enterprises, Inc. and as agent for members of Marvel
Enterprises, Inc. and Subsidiaries Group,

*Petitioner-Appellant,*

v.

COMMISSIONER OF INTERNAL REVENUE,

*Respondent-Appellee.*

ON APPEAL FROM THE UNITED STATES TAX COURT

Before:

WINTER, CHIN, and DRONEY, *Circuit Judges.*

Appeal from an opinion and an order and decision of the United

States Tax Court (Ruwe, *J.*) granting summary judgment for the Commissioner of

Internal Revenue and finding petitioner-appellant Marvel Entertainment, LLC liable for federal income tax deficiencies for the taxable years 2003 and 2004. The Tax Court applied a "single entity" approach to reduce the consolidated net operating loss of Marvel Entertainment, LLC's consolidated group by its previously excluded cancellation of debt income.

AFFIRMED.

---

B. JOHN WILLIAMS, JR. (David W. Foster, Nathan P. Wacker, Sonja Schiller, *on the brief*), Skadden, Arps, Slate, Meagher & Flom LLP, Washington, D.C. *and* Chicago, Illinois, *for Petitioner-Appellant*.

DEBORAH K. SNYDER (Gilbert S. Rothenberg, Thomas J. Clark, *on the brief*), Tax Division, Department of Justice, *for* Caroline D. Ciraolo, Acting Assistant Attorney General, *and* Diana L. Erbsen, Deputy Assistant Attorney General, Washington D.C., *for Respondent-Appellee*.

---

PER CURIAM:

This appeal challenges an opinion and an order and decision of the United States Tax Court entered July 21, 2015 granting summary judgment for the Commissioner of Internal Revenue. The sole issue before the Tax Court, and

before us on appeal, is whether petitioner-appellant Marvel Entertainment, LLC's consolidated group must reduce its consolidated net operating loss ("CNOL") under Internal Revenue Code § 108(b)(2)(A) by the total amount of the group's previously excluded cancellation of indebtedness income under a "single entity" approach as opposed to determining the amount of CNOL apportionable to each member and applying § 108(b)(2)(A) on a member-by-member basis. The Tax Court applied a "single entity" approach to reduce the CNOL, finding deficiencies in income tax due for the taxable years 2003 and 2004 in the amounts of $2,144,756 and $14,453,653, respectively.

Applying *de novo* review, *Scheidelman v. Comm'r*, 682 F.3d 189, 193 (2d Cir. 2012), we affirm for substantially the reasons stated by the Tax Court in its complete and well-reasoned opinion, 145 T.C. 69 (2015).